**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Williams, on behalf of T.W., a minor,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Yuma School District #1; Rusty Tyndall; Darwin Stiffler; Greg Wilkinson; Lurinda Ward,<br><br>　　　　　Defendants. | No. CV10-2416-PHX-DGC<br><br>**ORDER** |

This order concerns Defendants' motion to dismiss (Doc. 5) and Plaintiff's motions for remand and costs (Docs. 6, 7). The motions have been fully briefed. Docs. 5-11.[1]

In February, 2010, Plaintiff filed a complaint in Superior Court of Arizona for Yuma County. Doc. 1-3. On October 21, 2010, Plaintiff filed an amended complaint citing state law claims and "violations of the plaintiff's Fourteen Amendment[] rights." Doc. 1-7 at 1. Defendants removed the case to this Court on November 8, 2010 (Doc. 1), and now move to dismiss Plaintiff's second amended complaint in toto for failure to state a claim. Doc. 5. Plaintiff does not substantively oppose with regard to Fourteenth Amendment claims. Doc. 8. Plaintiff also filed motions for remand and costs, arguing that his complaint does not

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  assert federal claims and that removal therefore was not proper. Docs. 6, 7, 11. Plaintiff also
2  asserts that removal was not timely. Doc. 6 at 7.

3        The motion to remove was timely because it was brought within thirty days of
4  Plaintiff's amended complaint (Docs. 1, 1-7). 28 U.S.C. § 1446(b). Because Plaintiff
5  concedes that the original complaint did not contain a federal claim (Doc. 6), Defendants did
6  not need to remove within thirty days of the original complaint. 28 U.S.C. § 1446(b).
7  Moreover, the case was properly removed because the amended complaint states a federal
8  claim on its face: violation of the Fourteenth Amendment. Doc. 1-7 at 1. Because Plaintiff
9  has now abandoned his Fourteenth Amendment claim by disavowing and not defending it,
10 the Court will dismiss the Fourteenth Amendment claim. The Court further finds that
11 Plaintiff's complaint does not plead a § 1983 claim.[2]

12       Having dismissed the only federal claim in this case, the Court declines the invitation
13 to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C.
14 § 1367(c)(3). Accordingly, the state law claims are not dismissed, and the case is remanded.
15 Plaintiff's motion for costs is denied because removal was proper.

16 **IT IS ORDERED:**

17    1.   Defendants' motion to dismiss (Doc. 5) is **granted in part** and **denied in part**
18        as stated above.
19    2.   Plaintiff's motion to remand (Docs. 6, 7) is **granted**.
20    3.   Plaintiff's motion for costs (Docs. 6, 7) is **denied**.

---

[2] On its last page, the complaint does quote from and cite to "420 U.S. 321," which is a reference to *Wood v. Strickland*, 420 U.S. 308 (1975), a case brought under 42 U.S.C. § 1983. Doc. 1-7 at 7. This by itself, however, is insufficient to provide fair notice of a § 1983 claim.

1     4.     The Clerk shall remand this case to the Superior Court of Arizona for Yuma County.

DATED this 27th day of December, 2010.

*David G. Campbell*
United States District Judge